**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ANTONIO ROMERO-SALAZAR, | No. 16-71956 |
| Petitioner, | Agency No. A201-241-056 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Juan Antonio Romero-Salazar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We deny the petition for review.

The record does not compel the conclusion that Romero-Salazar established changed or extraordinary circumstances as to excuse his untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(2), (4)-(5). Thus, Romero-Salazar's asylum claim fails.

Substantial evidence supports the agency's determination that Romero-Salazar failed to establish he suffered harm that rises to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citations omitted)); *see also Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028-29 (9th Cir. 2019) (record did not compel the conclusion that threats rose to the level of persecution); *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (record did not compel finding past persecution where, in part, petitioner was harassed as a youth and beaten by a mob of rioters). Substantial evidence also supports the agency's determination that Romero-Salazar failed to establish a clear probability of future persecution in Mexico. *See Tamang*

*v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable).

Romero-Salazar's contention that the IJ erred by failing to provide notice and opportunity to produce corroborating evidence under *Ren v. Holder*, 648 F.3d 1079 (9th Cir. 2011) fails, because the agency did not decide his claim on failure to provide corroborating evidence. Instead, the record demonstrates that the agency appropriately decided Romero-Salazar's claim on the failure to meet his burden of proof based on his testimony and record evidence. *See id*. at 1091 ("In determining whether the applicant has met the applicant's burden [of proof], the trier of fact may weigh the credible testimony along with other evidence of record." (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)); *see also Wang v. Sessions*, 861 F.3d 1003, 1007-08 (9th Cir. 2017) ("the petitioner has the burden to satisfy the trier of fact by offering . . . persuasive evidence").

Thus, Romero-Salazar's withholding of removal claim fails.

In light of this disposition, we do not reach Romero-Salazar's remaining contentions regarding nexus. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**

16-71956